■ ORLANDO SANTOS et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In an action to recover damages for assault and parental loss of services, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Pino, J.), dated May 10, 1985, which dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

On September 30, 1981 the car in which the infant plaintiff Orlando Santos was a passenger was chased by a police car operated by the two named defendant police officers. The car being chased sideswiped a pole and came to rest against a parked sanitation truck. The infant plaintiff was seen jumping from the car before it stopped, at which point Officer Gentile lost sight of him. Gentile ran to the place where he expected to find the infant plaintiff, but he heard shots and responded in another direction to aid his partner Officer Reynolds. The two officers succeeded in taking the driver into custody. On returning to their car with their prisoner, the officers saw an emergency service technician ministering to the infant plaintiff. Other police officers were also on the scene. The infant plaintiff had suffered severe injuries to his head and his right leg.

The plaintiffs sued the defendant city and the two officers, alleging that the infant plaintiff had received his injuries as a result of an assault by the two named officers.

The infant plaintiff was taken to the hospital in a comatose condition. In the plaintiffs' bill of particulars, they claimed, *inter alia,* that the infant plaintiff had suffered a severe head injury, brain stem damage, impaired mental process and impaired memory; by an amended bill of particulars, the infant plaintiff alleged "an impairment of memory and is unable to describe the events leading to and encompassing the alleged assault".

The infant plaintiff testified that the last thing he remembered after waking in the hospital was "being hit on * * * [seeing] a police uniform * * * [i]t was a blue uniform with some buttons going up the chest and a badge". The infant plaintiff could not identify the face or for that matter the sex of the person in the uniform. He said that he was hit on the bottom side of his right leg but did not remember how many times. The injury to his right leg was described as a degloving

injury: "the skin was scraped from—the skin was off the side of the leg."

Both officers were called as witnesses by the plaintiffs and both denied having any physical contact with the infant plaintiff.

The infant plaintiff presented medical testimony concerning his injuries, but there was no direct evidence that the injuries were the result of an assault or that his memory loss continued at the time of trial.

After the plaintiffs rested, the defendants moved to dismiss the complaint on the ground of failure to prove a prima facie case. This motion was granted.

Initially we observe that in the absence of expert medical testimony, the infant plaintiff's claimed amnesia did not entitle the plaintiffs to a lesser burden of persuasion (see, Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328).

The trial court properly dismissed the complaint for failure to prove a prima facie case. The proof showed that other police officers were on the scene. The infant plaintiff was required to show that one or the other of the named defendants assaulted him. The plaintiffs' amended bill of particulars specified that the named individual defendants in their capacity as police officers committed the alleged assault (see, Mammarella v Consolidated Edison Co., 44 AD2d 571; cf., Sharkey v Locust Val. Mar., 96 AD2d 1093, appeal dismissed 61 NY2d 669). According to the plaintiffs every favorable inference from the evidence (cf., Cohen v Hallmark Cards, 45 NY2d 493), a prima facie case was not established. It would have been improper to permit the jury to speculate that one or the other named defendant officers assaulted the infant plaintiff merely because they were present (cf., White v Lehigh Val. R. R. Co., 220 NY 131, 135-136; Smith v Wisch, 77 AD2d 619, lv denied 51 NY2d 709).

We have considered and rejected the plaintiffs' other claims of error. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.