DONALD E. PIERSON, Individually and as Administrator of the Estate of LAURIE A. PIERSON, et al., Appellants, v JAMES DAYTON et al., Respondents.

Fourth Department, June 7, 1991

*Merkel & Merkel (Hilary A. Merkel* of counsel), for appellants.

*Harter, Secrest & Emery (Theresa A. Conroy* of counsel), for respondents.

### OPINION OF THE COURT

DOERR, J.

On October 23, 1988, at about 6:00 P.M., plaintiffs' decedent, 17-year-old Laurie Pierson, was driving a 1985 Chevrolet Camaro owned by defendant Douglas Dayton. Laurie had a learner's permit and defendant James Dayton, Douglas's son, who was a licensed driver, was in the front passenger seat. The roads were wet that evening. On County Road 25 in the Town of Phelps, on a straight portion of the road, the vehicle left the roadway, slid sideways, and struck a tree. The tree was about 20 feet from the road and the point of impact was the driver's door. Laurie was pronounced dead at the scene.

James survived, but maintains that he has no recollection of the accident.

Plaintiffs commenced this wrongful death action, alleging that James was negligent in his supervision of Laurie's driving and that Douglas was negligent in improperly maintaining the vehicle and failing to warn Laurie of defects in the tires and steering. After discovery was completed, defendants moved for summary judgment, arguing that plaintiffs' allegations that they were negligent were based upon "pure speculation and conjecture". Submitted in support of defendants' motion for summary judgment was James' EBT testimony that he had warned the decedent that the car would fishtail on a wet surface if given too much gas. Douglas's EBT testimony was also submitted, wherein he testified that he had been told by a mechanic that the tires on the vehicle would pass inspection.

Plaintiffs opposed defendants' motion for summary judgment and cross-moved for an order requiring James to execute authorizations enabling plaintiffs to obtain his medical records. Plaintiffs submitted evidence that James had admitted that, before the accident, he had put his seat into a reclining position. The affidavit of a member of the rescue squad who responded to the accident confirmed that the front passenger seat was in a reclined position after the accident. Moreover, plaintiffs submitted the affidavit of a licensed New York State vehicle inspector, who opined that neither of the rear tires on the Camaro would pass inspection, and that the lack of tread on the tires would cause the vehicle to hydroplane on a wet surface.

■ Supreme Court dismissed the complaint, concluding that plaintiffs' theory as to the cause of the accident "rests on mere speculation". The court did not address plaintiffs' cross motion. Plaintiffs appeal and we reverse.

Negligence cases do not usually lend themselves to summary judgment (see, Ugarriza v Schmieder, 46 NY2d 471, 475; Merkley v Palmyra-Macedon Cent. School Dist., 130 AD2d 937). Moreover, in a wrongful death case, plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can, himself, describe the occurrence (see, Noseworthy v City of New York, 298 NY 76). Defendants argue correctly that in order to invoke the Noseworthy doctrine, plaintiffs must make a showing of facts from which negligence can be inferred (see, Wank v Ambrosino, 307 NY 321, 323-324;

*Carter v County of Erie,* 98 AD2d 963, 964; *Mildner v Wagner,* 89 AD2d 638). Here, plaintiffs have set forth sufficient facts to justify a finding of negligence.

James, as a licensed driver supervising an unlicensed driver, owed a duty to use reasonable care as an instructor *(see, Michalek v Martyna,* 48 AD2d 1005) and to take necessary measures to prevent negligence on the part of the learner-driver *(see, Lazofsky v City of New York,* 22 AD2d 858, 859). On the night of the accident, decedent was driving a high-performance car on wet roadways, yet James, as he stated later, had put his seat into a reclining position. He stated that he had done this on prior occasions when decedent was driving. These statements, if believed, could lead to the conclusion that James breached his duty of care in supervising decedent's operation of the vehicle.

A review of the record supports the further conclusion that sufficient proof was presented to raise a question of fact on the issue of whether Douglas used reasonable care in the maintenance of the vehicle. Plaintiffs submitted proof in admissible form from a licensed motor vehicle inspector that the rear two tires on the vehicle were defective and would not pass inspection, and that the lack of tread on the tires would cause the car to hydroplane on a wet surface.

Defendants argue that, even if facts from which negligence can be inferred exist, the complaint was still properly dismissed because plaintiffs have produced no proof that this negligence was the proximate cause of the accident. Concededly, plaintiffs must do more than show that defendants were negligent. They must also show that the injuries were sustained, in whole or in part, by a cause for which defendants were responsible. " '[I]f it is just as probable that the accident was the result of one cause as the other, liability will be denied, since a finding of liability would be based on mere speculation and speculation is not a substitute for proof' " *(Pontello v County of Onondaga,* 94 AD2d 427, 430, *lv dismissed* 60 NY2d 560, quoting 1A Warren, New York Negligence § 6.10, at 242-243).

Here, the accident was unwitnessed, so "the proof, of necessity, must rely upon circumstantial evidence" *(Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313, 320; *see also, Lattimore v Falcone,* 35 AD2d 1069). *Wragge* was also a wrongful death action resulting from an unwitnessed, single-car accident. In reversing the trial court's order setting aside the verdict in

favor of plaintiff on the ground that plaintiff had failed to prove that defendant's negligence was the proximate cause of decedent's accident, the Court of Appeals held that "[p]laintiffs' evidence is deemed sufficient to make out a prima facie case if it shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" *(Wragge v Lizza Asphalt Constr. Co., supra,* at 320).

■ Plaintiffs have met that test here. The roadway was wet on the night of the accident and, according to the police report, skid marks revealed that the vehicle first slightly crossed the center line, then "left the south side of the highway and slid sideways and struck the tree." These facts "strongly suggest" *(see, Wragge v Lizza Asphalt Constr. Co., supra)* that the car hydroplaned on the wet pavement, and it can be reasonably inferred that the hydroplaning was the result of inadequate tread on the tires. It may also be reasonably inferred that, had James been exercising due care in supervising decedent's driving, he would have been able to prevent this accident.

■ Because Supreme Court dismissed the complaint, the court did not address plaintiffs' cross motion for an order requiring James to execute authorizations for plaintiffs to obtain his medical records. This request should have been denied. Defendant's medical records are privileged, and defendant "cannot be said to have waived the privilege simply by denying the allegations in the complaint or by testifying that [he] cannot remember any details of the incident where the fact of [his] memory loss is not being advanced to excuse [his] conduct" *(Dillenbeck v Hess,* 73 NY2d 278, 289).

Accordingly, the order of Supreme Court should be reversed and the complaint reinstated.

CALLAHAN, J. P., BOOMER, GREEN and BALIO, JJ., concur.

Order unanimously reversed, on the law, without costs, motion denied, complaint reinstated and cross motion denied.