■ CATHERINE P. MULLINS, Appellant, v TOWN OF CLARKS-TOWN et al., Respondents.—Harvey, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Bergerman, J.), entered November 1, 1990 in Rockland County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 14, 1991 in Rockland County, which, upon renewal, adhered to its prior order.

On the evening of January 11, 1987, Michael Burns, a police officer employed by defendant Town of Clarkstown, briefly lost control of his vehicle on an isolated patch of ice while he was

patrolling northbound on Kings Highway in Rockland County. Burns had apparently patrolled that same stretch of highway approximately six times during the preceding six hours without incident and without noticing anything unusual. After regaining control of his vehicle, Burns contacted the dispatcher, reported the ice patch and requested that the County Highway Department be contacted.* Burns then continued on patrol for several more minutes before he was informed of a one-car accident on the highway involving plaintiff. Plaintiff's vehicle apparently encountered the same patch of ice previously reported by Burns and her vehicle skidded off the road into a tree causing plaintiff to sustain personal injuries.

Subsequently, plaintiff filed a notice of claim and commenced a personal injury action against the Town and defendant Rockland County. It is undisputed that the County owned, maintained and undertook snow and ice removal for the portion of the road where plaintiff's accident occurred. The gravamen of the complaint was that defendants were negligent in allowing snow and ice to accumulate on the road and in failing to remove the ice within a reasonable period of time and/or warn plaintiff of its presence on the roadway. In her amended verified bill of particulars, plaintiff alleged that the County was negligent in, *inter alia,* designing the subject stretch of highway, installing guardrails and overhead lights and maintaining an adequate storm drainage system. With respect to the Town, plaintiff principally alleged that Burns was negligent in failing to remain at the scene following his own encounter with the ice patch, set up flares or otherwise divert traffic from that portion of the highway. Both defendants ultimately moved for summary judgment dismissing the complaint against them and Supreme Court granted both motions. Although Supreme Court subsequently granted plaintiff's motion to renew, the court elected, upon renewal, to adhere to its prior decision. Plaintiff now appeals from the orders entered upon both decisions.

We affirm. Initially, in examining plaintiff's claims against the County, we note that, in accordance with the provisions of Highway Law § 139 (2), the County enacted a prior notice statute, Local Laws 1983, No. 1 of the County of Rockland § 327-1. Subdivision (C) of this law states that no civil action can be maintained against the County for damages sustained *solely* in consequence of the existence of snow and ice on any

---

* The dispatcher notified the County Highway Department and a salting truck sent to the scene arrived within the hour.

highway unless written notice specifying the exact spot was actually given to the County and there was a failure or neglect to remedy the situation within a reasonable time thereafter (Local Laws 1983, No. 1 of County of Rockland § 327-1 [C]; *see also,* Highway Law § 139 [2]). With respect to claims other than those solely involving snow and ice, the County's law provides that no action can be maintained in the absence of actual written notice or constructive notice (Local Laws 1983, No. 1 of County of Rockland § 327-1 [A], [B]; *see also,* Highway Law § 139 [2]).

Here, in support of its motion for summary judgment, the County averred that no prior written notice of an ice or snow problem in the vicinity of plaintiff's accident was received other than the report by Burns a few minutes before the accident. As a matter of law it cannot be considered unreasonable that the salting truck did not arrive at the scene within those few minutes. The County also averred that it had no record of any complaints involving sloping driveways or drainage problems in that area. An affidavit from the County's highway department general foreman indicated that the County did not receive any written notice regarding an ice or water problem at the relevant location during the five years preceding plaintiff's accident. Plaintiff's proof in opposition does not assert the existence of prior written notice of these alleged defects; the issue therefore distills to whether plaintiff's proof raised sufficient factual questions pertaining to plaintiff's remaining allegations regarding constructive notice to withstand a summary judgment motion. We find that she did not.

The County's proof established that County roads are inspected on a weekly basis for any defects and are checked on a daily basis during winter for the accumulation of ice and snow. There was testimony that the County's road inspector would specifically look for signs of water accumulation on roadways. Significantly, Burns testified that no icy condition existed at the location in the six hours preceding the time his car skidded. The County also indicated that, with respect to the drainage defect alleged by plaintiff, it had no record of any complaint reports, incident files or work repair orders in that area. Significantly, the affidavit from plaintiff's engineering expert, Marvin Specter, submitted in opposition to the County's summary judgment motion and in support of her motion to renew, contained nothing more than conclusory and vague allegations that the County "should have * * * discovered" various "defects" in the vicinity of the accident scene and

should have installed advance warning signs and additional drains and guardrails to protect against them. Unquestionably, these types of conclusory and unsubstantiated allegations are insufficient to defeat the County's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Del Giacco v Noteworthy Co.,* 175 AD2d 516, 518).

Turning to the Town's motion for summary judgment, we conclude that it was also properly granted. Plaintiff basically alleged that Burns was negligent in failing to warn plaintiff of the presence of the ice patch by remaining at the scene, closing the highway or setting up flares. A municipality is generally immune, however, from liability for injuries for failure to provide police protection *(see, Cuffy v City of New York,* 69 NY2d 255, 260; *Florence v Goldberg,* 44 NY2d 189, 195), and we agree with Supreme Court that plaintiff's proof fails to establish the elements of a "special relationship" between the Town and plaintiff that would bring her situation within the exception to the immunity rule *(see, Cuffy v City of New York, supra,* at 260). There is simply no proof of any direct contact between plaintiff and the Town or its agents and the only duty the Town assumed was to provide police patrol along a highway undisputedly owned and maintained by the County. Accordingly, in the absence of proof of a special relationship, the Town was properly granted summary judgment.

Weiss, P. J., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.