■ MICHAEL CAMILLERY, Appellant, v DOUG HALFMANN et al., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Burstein, J.), dated October 5, 1989, which granted the motion by the defendant James Finn and the cross motion by the defendant Doug Halfmann for summary judgment dismissing the complaint, (2) a judgment of the same court entered November 9, 1989, which dismissed the complaint as against James Finn, and (3) a judgment of the same court entered April 5, 1990, which dismissed the complaint as against Doug Halfmann.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues on appeal from the order are brought up for review and have been considered on the appeal from the judgments (see, CPLR 5501 [a] [1]).

Contrary to the plaintiff's contentions, the Supreme Court properly granted summary judgment to the defendants. The evidence adduced in opposition to the defendants' motions established, at best, that one of the two codefendants may have caused injury to the plaintiff by stepping on the heel of the plaintiff's sneaker, a school prank known as "giving someone a flat tire". Although the plaintiff testified in a deposition that the two codefendants—who were classmates of his—were walking behind him in a school corridor when the "flat tire" incident occurred, the plaintiff could not identify the individual who stepped on the heel of his sneaker.

The Supreme Court granted the defendants' respective motions and cross motion for summary judgment, determining that the plaintiff had failed to establish that either codefendant, more probably than the other, caused the injury sustained and that any attempt to impose liability would rest upon speculation as to which codefendant was the alleged wrongdoer. We affirm.

The Supreme Court properly concluded that under the circumstances presented, the plaintiff was required to present evidence creating triable issues with respect to the liability of the codefendant whose actions were the proximate cause of the injuries allegedly sustained (see, e.g., Santos v City of New York, 130 AD2d 476, 477; 1A Warrens Weed, New York Negligence § 6.10; see also, Ruback v McCleary, Wallin & Crouse, 220 NY 188, 195). The facts alleged by the plaintiff, however, would require a trier of fact to speculate as to which of the named defendants had caused his injuries (see, Santos v City of New York, supra). The record does not contain evidence creating issues of fact with respect to the plaintiff's alternative contention that the defendants were acting in concert regarding the incident (see, e.g., Shea v Kelly, 121 AD2d 620, 621; cf., Bichler v Lilly & Co., 55 NY2d 571, 580-581; Prosser, Torts § 46, at 292 [4th ed]). Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.

■ MICHAEL CUSANO, an Infant, by His Father and Natural