(August 22, 1996)

■ Grace Catlyn, Respondent, v Hotel & 33 Company et al., Appellants. [646 NYS2d 513] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 6, 1994, which denied defendants' motion for summary judgment, is unanimously reversed, on the law, without costs or disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff was walking on the sidewalk adjacent to the Statler Hotel on October 24, 1981, when she was struck by an L-shaped metal object. The sidewalk was very crowded and plaintiff was looking down when she felt a blow to the back of her head and neck which stunned her. Plaintiff asserts that after the accident, an unidentified employee of the hotel told her the metal object came from an ice machine. Plaintiff also asserts that, at the time of the accident, construction, cleaning and/or other activities were being performed at the hotel.

Plaintiff, who bases her negligence action upon circumstantial evidence, has failed to demonstrate that the hotel was in the exclusive control of the object which hit her. There is nothing in the record beyond speculation to indicate that the object was dropped or thrown from the hotel. Even assuming that it was, plaintiff failed to show that defendant should have foreseen that a hotel patron or guest would somehow choose to throw or drop such an object (or indeed, furniture, appliances, waste baskets, books, etc.) on a passerby. "Neither decisional precedent nor public policy considerations support an exten-

sion of a landowner's duty of care to prevent the throwing of an object and the extraordinary accidents which may result." (*Elardo v Town of Oyster Bay*, 176 AD2d 912, 914.) Since the facts do not exclude the possibility that another pedestrian on the crowded sidewalk may have struck her intentionally or accidentally with this object or *another* instrumentality, it would be improper to have a jury speculate that the negligence of defendants caused the injury (*see, Lally v Staten Is. Advance Co.*, 198 AD2d 213). The claimed negligence and consequent liability on the part of the hotel rests on mere guess, speculation or surmise in plaintiff's papers in opposition and are, therefore, insufficient to raise an issue (*see, Bearss v Westbury Hotel*, 33 AD2d 47, 49). It is well established that "[s]uspicion, surmise and accusation are not enough to defeat a motion for summary judgment" (*Pappalardo v Meisel*, 112 AD2d 277, 278). Since plaintiff did not present evidentiary facts sufficient to raise genuine triable issues of fact as to defendants' control of the metal object or negligent conduct, defendants' motion for summary judgment should have been granted. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.