■ Cono Babino et al., Appellants, v City of New York, Respondent, Perez Interboro Asphalt Co., Inc., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. Welsbach Electric Corp., Third-Party Defendant-Respondent. [650 NYS2d 778] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated September 14, 1995, which, upon renewal, granted the separate motions of the defendant third-party plaintiff Perez Interboro Asphalt Co., Inc., and the third-party defendant Welsbach Electric Corp., for summary judgment dismissing the complaint, the third-party complaint and all cross-claims insofar as asserted against them, and further granted the separate motion of the defendant City of New York for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Cono Babino was allegedly struck by a temporary traffic control signal and pole while standing at the intersection of Metropolitan and Graham Avenues in Brooklyn. The defendant Perez Interboro Asphalt Co., Inc., and the third-party defendant Welsbach Electric Corp., separately moved, *inter alia,* for summary judgment dismissing the complaint on the ground that it failed to state how the accident had occurred. In opposition to the motions the plaintiffs submitted the affidavit of a purported eyewitness who stated that he had seen the pole fall on the injured plaintiff, and the court denied the motions. Thereafter, the purported eyewitness was deposed, and it appeared that he had not, in fact, witnessed the accident, but had arrived at the scene after a crowd had gathered around the injured plaintiff as he lay on the ground. Based on this admission, the defendant Perez and the third-party defendant Welsbach moved to renew their earlier motions, *inter alia,* for summary judgment, and the defendant City of New York separately moved for the same relief. The court granted all three motions, and the plaintiffs appeal.

Where the moving party has established that it is entitled to summary judgment, the party opposing the motion must demonstrate the existence of a factual issue requiring a trial of the action by admissible evidence, not mere conjecture, suspicion or speculation *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *see also, Huth v Allied Maintenance Corp.,* 143 AD2d 634, 635). A case such as this, based wholly upon circumstantial evidence, requires a showing of sufficient facts from which the

negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred *(see, Thomas v New York City Tr. Auth.,* 194 AD2d 663, 664). The plaintiffs are not required to exclude every possible cause of the accident other than the defendant's negligence, but the other possible causes must be rendered sufficiently remote so as to enable the trier of fact to reach a conclusion based upon the logical inferences to be drawn from the evidence, and not upon speculation *(see, Thomas v New York City Tr. Auth., supra).*

The plaintiffs' purported eyewitness admittedly did not see the accident, and the plaintiffs have failed to proffer sufficient evidence to establish the existence of a triable issue of fact as to the cause of the accident *(see, Zuckerman v City of New York, supra,* at 562). Summary judgment was therefore appropriate because, had the case proceeded to trial, the jury would have been forced to speculate as to the cause of the accident *(see, Garvin v Rosenberg,* 204 AD2d 388; *Abdullah v City of New York,* 203 AD2d 397, 398). Bracken, J. P., Pizzuto, Santucci and Krausman, JJ., concur.