■ KIMBERLY WARFIELD, Individually and as Administrator of the Estate of DAVID B. WARFIELD, JR., Deceased, Appellant, v JOHN E. TERRY et al., Respondents. [656 NYS2d 977] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Mugglin, J.), entered April 16, 1996 in Delaware County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff's decedent was fatally injured in an unwitnessed accident which occurred while he was engaged in logging activities with defendant James Terry. James Terry was retained as an independent contractor by his brother, defendant John E. Terry, to cut lumber on property owned by Milcent Buerge. Decedent assisted James Terry in cutting and skidding the lumber. After decedent's death, plaintiff commenced this wrongful death action against defendants. Following joinder of issue, each defendant moved and Supreme Court granted motions for summary judgment dismissing plaintiff's complaint. Plaintiff appeals.

Subsequent to the filing of his brief, John Terry filed a chapter 7 bankruptcy petition, and thus the appeal with respect to him is automatically stayed (see, 11 USC § 362 [a] [1]). Counsel for defendants acknowledge that, under the circumstances here, the appeal may proceed against James Terry. Ac-

cordingly, our decision applies only to that defendant (*see, Howell v New York Post Co.*, 81 NY2d 115, 118, n 1).

In her complaint, plaintiff alleges that defendants were negligent in "failing to reasonably maintain, conduct, supervise and control hazardous logging activities" which caused decedent's death. In opposing defendants' motions for summary judgment, plaintiff submitted the affidavit of James Murphy, an experienced logger, who speculated as to the cause of decedent's death and opined that it was unreasonable for defendants to leave decedent, an inexperienced woodsman, alone to cut timber. We find the affidavit conclusory and, therefore, insufficient to raise questions of fact regarding defendants' alleged negligence (*see, Wessels v Service Mdse.*, 187 AD2d 837; *Mullins v Town of Clarkstown*, 183 AD2d 1073, 1075, *lv denied* 80 NY2d 757).

Furthermore, we decline to address plaintiff's additional argument that defendants' liability may be premised upon decedent's alleged participation in an inherently dangerous activity. Plaintiff failed to raise this claim before Supreme Court and, accordingly, appellate review is inappropriate (*see, Matter of Alcott Staff Leasing v New York Compensation Ins. Rating Bd.*, 224 AD2d 54, 58).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order and judgment, insofar as they pertain to defendant James Terry, are affirmed, with costs.