THIRD DEPARTMENT, AUGUST, 1997

(August 14, 1997)

■ KIMBERLY WARFIELD, Individually and as Administrator of the Estate of DAVID B. WARFIELD, JR., Deceased, Appellant, v JOHN E. TERRY et al., Respondents. [661 NYS2d 1006] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Mugglin, J.), entered April 16, 1996 in Delaware County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

In this wrongful death action, we previously withheld decision concerning the propriety of Supreme Court's grant of defendant John E. Terry's motion for summary judgment dismissing the complaint against him because he had filed a chapter 7 bankruptcy petition (11 USC) which resulted in an automatic stay of plaintiff's appeal with respect to him (238 AD2d 765). John Terry has now obtained a discharge in bankruptcy. Therefore, the automatic stay is no longer in effect and we now consider the merits. Given plaintiff's failure to adduce competent proof of negligence by either John Terry or defendant James Terry, which we found dispositive of plaintiff's appeal with respect to James Terry (*see, id.*), we conclude that John Terry's motion for summary judgment dismissing the complaint against him was properly granted (*see, Howell v New York Post Co.*, 82 NY2d 690).

We have previously rejected plaintiff's remaining argument as unpreserved (*see*, 238 AD2d 765, *supra*).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order and judgment, insofar as it pertains to defendant John E. Terry, is affirmed, with one bill of costs.