■ RICARDO VALENTIN, an Infant, by His Parent and Natural Guardian, ELBA VASQUEZ, et al., Respondents, v HIRSCH ELECTRIC Co., INC., Appellant, and CITY OF NEW YORK, Respondent. [666 NYS2d 17] —In an action to recover damages for personal injuries, etc., the defendant Hirsch Electric Co., Inc., appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated October 29, 1996, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellant.

The infant plaintiff sustained various injuries allegedly as a result of jumping off of a large electrical-cable spool that he found in a city park. A few days before his accident, he claimed to have seen a similar spool across the street from the park in front of the appellant's premises. He brought this action, claiming that the appellant was negligent in storing or securing the spool. However, without further evidence connecting the appellant with the spool upon which the infant plaintiff was injured, it would be improper to permit a jury to speculate that the appellant's negligence caused the infant plaintiff's accident (see, Lally v Staten Is. Advance Co., 198 AD2d 213; Camillery v Halfmann, 184 AD2d 488; Santos v City of New York, 130 AD2d 476). Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.