■ DOROTHY L. BRATCHER et al., Plaintiffs, v UNITHREE INVESTMENT CORP., Defendant and Third-Party Plaintiff-Respondent. ANTHONY FORTE CONTRACTING CORP., Third-Party Defendant-Appellant. [669 NYS2d 847] —In an action to recover damages for personal injuries, etc., the third-party defendant Anthony Forte Contracting Corp. appeals from an order of the Supreme Court, Richmond County (Leone, J.) entered March 17, 1997, which denied its motion for summary judgment dismissing the complaint, third-party complaint, and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint, third-party complaint, and all cross claims are dismissed insofar as asserted against the appellant.

The plaintiffs commenced this action to recover damages for injuries sustained by the plaintiff Latasia Bratcher when a door of a building owned by the defendant Unithree Investment Corp. (hereinafter Unithree) slammed on her hand. Unithree subsequently commenced a third-party action against

the appellant Anthony Forte Contracting Corp. (hereinafter Forte). Approximately one month earlier, Forte had installed the subject door and also a door check. The plaintiffs thereafter served an amended complaint upon the appellant, alleging that it had been negligent, *inter alia,* in the installation of the device. At his deposition, building superintendent Robert Navarro testified that the door checks broke frequently and that when such an event occurred, he would replace the broken device with a new one which was kept in the supply room of the building development. Neither Navarro nor Forte was able to indicate whether the allegedly defective door check had been installed by Forte or by a member of the building's custodial staff.

Under the circumstances, the third-party plaintiff was required to present evidence creating triable issues of fact with respect to the liability of the party whose actions were the proximate cause of the injuries allegedly sustained (*see, Camillery v Halfmann,* 184 AD2d 488). The facts presented by the record would require a trier of fact to speculate as to which of the named defendants had caused the injuries (*Camillery v Halfmann, supra*). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.