■ MANUEL GOMES et al., Appellants, v COURTESY BUS COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and ATLANTIC EXPRESS COMPANY et al., Respondents. HENDRICKSON BROTHERS, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [676 NYS2d 196] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated September 15, 1997, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

While working on a sidewalk construction project the plaintiff Manuel Gomes was struck by one or more wooden plank "forms" that apparently were hit by a passing vehicle. The injured plaintiff did not see the vehicle that hit the forms and there were no witnesses to the accident. The injured plaintiff was thrown to the ground and when he looked up he observed a school bus that had passed down the street and was discharging children at a school. The injured plaintiff was not able to see any identifying marks on the bus. The plaintiffs commenced this action against the defendants, the owners and operator of a school bus that services the area.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted the defendants' motion for summary judgment. In opposition to the defendants' prima facie demonstration that the plaintiffs lacked any evidence of identification or causation, the plaintiffs proffered an unsworn statement of a neighbor who allegedly saw one of the defendants' buses in the area at the time the injured plaintiff was struck. However, this statement, which was contradicted by an affidavit of the same witness, lacked probative value inasmuch as it was not in admissible form and was thus insufficient to create an issue of fact (see, Boege v Ulster Light., 241 AD2d 600; Adams v Alexander's Dept. Store, 226 AD2d 130; Hagan v General Motors Corp., 194 AD2d 766; Yaroschak v Suffern Window Cleaning Co., 174 AD2d 887; Clifford v Black Clawson Co., 145 AD2d 808; Jacobs v Schleicher, 124 AD2d 785). The police report proffered by the plaintiffs in opposition to the motion was likewise deficient as it merely contained an inadmissible hearsay statement attributed to an unknown declarant that a bus observed in the area might have been one owned by the defendants (see, Pitchon v City of New York, 243 AD2d 548; Agoglia v Sterling Foster & Co., 237 AD2d 549; Hatton v Glasser, 219 AD2d 697; Ferraro v Cinelli, 193 AD2d 409; Sansevere v United Parcel Serv., 181 AD2d 521).

The lone piece of admissible evidence proffered by the plaintiffs was an affidavit by a second neighbor who did not witness the incident but who saw one of the defendants' buses in the vicinity and who opined that he "believe[d]" that the bus he saw was one of the defendants' because those buses frequently operate in the neighborhood. This affidavit, however, provided no proof of causation. The witness merely saw a bus nearby. The witness did not see the bus strike the wooden plank forms and he failed to offer any evidence as to the absence of other vehicles in the area. Under these circumstances, the plaintiffs' circumstantial evidence failed to estab-

lish the existence of sufficient facts from which the defendants' negligence and causation could be logically and reasonably inferred (*see, Babino v City of New York*, 234 AD2d 241; *Catlyn v Hotel & 33 Co.*, 230 AD2d 655; *Lally v Staten Is. Advance Co.*, 198 AD2d 213; *Thomas v New York City Tr. Auth.*, 194 AD2d 663; *cf., Brito v Manhattan & Bronx Surface Tr. Operating Auth.*, 188 AD2d 253). Rather, any fact finder considering this case would have improperly been left to speculate as to how the accident occurred (*see, Valentin v Hirsch Elec. Co.*, 245 AD2d 285; *Babino v City of New York, supra; Thomas v New York City Tr. Auth., supra*). Therefore, the defendants' motion was properly granted. Miller, J. P., Thompson, Joy and Florio, JJ., concur.