■ LINDA R. SALATINO, as Administrator of the Estate of PAUL J. SALATINO, Deceased, Appellant, v PATRICK SALATINO et al., Respondents. [684 NYS2d 35] —Carpinello, J. Appeal from an order of the Supreme Court (Torraca, J.), entered August 11, 1997 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

On September 16, 1992, Paul J. Salatino was injured while attempting to straighten the boom on a backhoe/loader owned by defendants, his parents. The accident was unwitnessed. After the filing of this negligence action which alleges that "the boom on the machine * * * malfunctioned and pinned [Salatino's] back and pelvic area to the side of the instrumentality", Salatino died from unrelated causes. Plaintiff has been substituted to prosecute his claim. Prior to his death, Salatino was never deposed. At issue on this appeal is the propriety of Supreme Court's order granting defendants summary judgment.

Because decedent passed away prior to being deposed and the accident itself was otherwise unwitnessed, plaintiff is compelled to prove her case through circumstantial evidence. This requires a showing of sufficient facts and conditions from which defendants' negligence and causation can be reasonably

inferred (*see, Babino v City of New York*, 234 AD2d 241, 241-242; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664; *Kadyszewski v Ellis Hosp. Assn.*, 192 AD2d 765, 766). Even viewing the evidence in the light most favorable to plaintiff and according her every reasonable inference (*see, Kadyszewski v Ellis Hosp. Assn., supra*), we find that summary judgment was properly granted to defendants.

The claimed negligence is that defendants failed to properly maintain, service and repair the machine as necessary. In opposition to defendants' prima facie showing that negligence and proximate cause could not be proven, plaintiff submitted the affidavit of her attorney who speculated that the position of a rope on one of the machine's controls "could have caused the boom to move horizontally causing the plaintiff's decedent to be pinned between the boom and the chassis". No expert affidavit was offered to support this theory (*compare, Pierson v Dayton*, 168 AD2d 173). In our view, the conclusory and speculative averments of counsel were wholly insufficient to raise a question of fact from which defendants' negligence and causation could reasonably be inferred (*see, Gomes v Courtesy Bus Co.*, 251 AD2d 625, 626-627; *Catlyn v Hotel & 33 Co.*, 230 AD2d 655, 655-656; *see generally, Warfield v Terry*, 238 AD2d 765, 766).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.