■ JESSE MAUCHER, an Infant, by His Mother and Natural Guardian, ROCHELLE MAUCHER, et al., Respondents, v SOUTH HUNTINGTON UNION FREE SCHOOL DISTRICT, Appellant, and MUNEER BHATT, an Infant, by His Parent and Natural Guardian, DHRAJ BHATT, Defendant and Third-Party Plaintiff-Respondent. BLAKE GILLOTT, an Infant, by His Parent "JOHN" GILLOTT and Another, Third-Party Defendant-Appellant. [698 NYS2d 307] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated September 14, 1998, as denied his motion for summary judgment dismissing the third-party complaint, and the defendant South Huntington Union Free School District separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying the third-party defendant's motion for sum-

mary judgment dismissing the third-party complaint, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs and the third-party defendant by the defendant South Huntington Union Free School District, and the defendant third-party plaintiff, Muneer Bhatt, respectively.

The infant plaintiff (hereinafter the plaintiff), a fourth-grade student at the defendant South Huntington Union Free School District (hereinafter the School District), sustained injuries to his wrist when he fell during school lunch recess. The plaintiff alleged that after a group of fourth-grade girls began to chase and harass him he complained to a school aide who did not take his complaints seriously. The plaintiff then sought the help of several fourth-grade boys who, in turn, began to tease him. The plaintiff alleged that the defendant third-party plaintiff, Muneer Bhatt, pushed him to the ground with force causing him to break his wrist. Bhatt denied pushing the plaintiff to the ground but claimed that another boy pushed him into the plaintiff causing the plaintiff to fall.

The Supreme Court should have granted the motion of the third-party defendant Blake Gillott for summary judgment dismissing the third-party complaint. Bhatt testified that even though Gillott was standing next to him along with several other boys, he could not identify the individual who allegedly pushed him into the plaintiff. Bhatt was required to present evidence creating triable issues of fact with respect to the liability of the party whose actions were the proximate cause of the injuries allegedly sustained (*see, Bratcher v Unithree Inv. Corp.,* 248 AD2d 346; *Camillery v Halfmann,* 184 AD2d 488). The facts alleged by Bhatt would require a trier of fact to speculate as to whether Gillott caused the injuries of the plaintiff (*see, Camillery v Halfmann, supra; Santos v City of New York,* 130 AD2d 476, 477).

The record presents questions of fact, however, as to whether the School District's employees failed to provide adequate supervision over the students in their charge and whether the infant plaintiff's injuries were proximately related to the absence of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44, 49). Therefore, the Supreme Court properly denied the School District's motion for summary judgment. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.