■ KAREN SEABURG et al., Individually and Doing Business as McCARTHY & SEABURG REALTY COMPANY, et al., Appellants,

v NEW YORK MUTUAL UNDERWRITERS et al., Respondents. [699 NYS2d 602] —Graffeo, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 1, 1999 in Albany County, which, *inter alia,* granted defendant New York Mutual Underwriters' motion for summary judgment and made a declaration in its favor.

Plaintiffs Karen Seaburg and Dennis McCarthy (hereinafter collectively referred to as plaintiffs) are the owners of premises leased to plaintiff Del-Mac, Inc., which operates a tavern on the premises. They are named as additional insureds in the liability insurance policy issued by defendant New York Mutual Underwriters (hereinafter defendant) to the corporate plaintiff. In December 1997, plaintiffs were named as defendants in a wrongful death action which arose out of an automobile accident allegedly caused by an intoxicated driver who patronized the tavern prior to the accident. Upon receiving notice of the action, defendant disclaimed coverage pursuant to a liquor liability exclusion in the policy.

Plaintiffs thereafter commenced this declaratory judgment action to determine their right to a defense and indemnification under the policy issued by defendant. By motion and cross motion after issue was joined, plaintiffs and defendant sought summary judgment. Supreme Court concluded that the underlying action fell within the liquor liability exclusion and granted declaratory relief to defendant. Plaintiffs appeal.

The parties concur that two categories of persons or entities are subject to the exclusion from coverage: (1) those engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, and (2) those not so engaged but who are owners or lessors of premises used for such purposes. The parties also agree that two categories of liability are subject to the exclusion: (a) liability imposed by statute, ordinance or regulation pertaining to the sale, gift, distribution or use of alcoholic beverages, and (b) liability imposed by reason of the selling, serving or giving of alcoholic beverages to a minor or a person under the influence of alcohol which causes or contributes to the intoxication of any person. In Supreme Court, plaintiffs argued that the policy language was unclear as to whether the exception in the exclusion removes owners and lessors from the scope of the exclusion. Supreme Court concluded that the exception was not ambiguous and applicable only with regard to the second category of liability. The court, therefore, did not relieve plaintiffs from the exclusion for statutory liability, which was the basis of the wrongful death action against them.

On appeal, plaintiffs concede that Supreme Court correctly

limited the exception to the second category of liability, but they contend that since the underlying action includes claims of common-law negligence which fall within the second category of liability, the court erred in granting summary judgment to defendant. A review of the record reveals plaintiffs' complaint and their motion papers consistently describe the underlying wrongful death action as a "Dram Shop" action under Alcoholic Beverage Control Law § 65 and General Obligations Law § 11-101. Having failed to raise in Supreme Court the claim that the complaint in the wrongful death action includes allegations of common-law negligence, plaintiffs did not preserve the issue for appellate review (*see, Warfield v Terry*, 238 AD2d 765, 766; *City of Albany v Central Locating Serv.*, 228 AD2d 920, 922). Although there are exceptions to the preservation rule (*see, Matter of Woodin v Lane*, 119 AD2d 969, 970), none are applicable here. Supreme Court's order, therefore, is affirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.