■ EDWARD VISCUSI, Appellant, v CITY OF GLOVERSVILLE et al., Respondents. [707 NYS2d 547] —Mugglin, J. Appeal from an order of the Supreme Court (Sise, J.), entered April 26, 1999 in Fulton County, which granted defendants' motions for summary judgment dismissing the complaint.

On August 23, 1996, plaintiff claims he was injured when he tripped on an uneven sidewalk abutting the property owned by defendant Ethel Fitzgerald in the City of Gloversville, Fulton County. Plaintiff commenced this action against Fitzgerald and defendant City of Gloversville alleging negligent maintenance of the sidewalk. Following joinder of issue and discovery, Fitzgerald moved for summary judgment arguing that as the abutting owner, she had no duty to maintain the sidewalk. The City moved for similar relief, alleging that it did not receive the requisite prior written notice of defect and did not affirmatively create any hazardous condition. Plaintiff opposed both motions solely on the basis that there exist triable issues of fact. Supreme Court granted both motions and plaintiff appeals.

Plaintiff now contends that Fitzgerald should not have been granted summary judgment in that her motion papers were inadequate since, in addition to the pleadings, they were supported only by an attorney's affidavit. Having failed to raise

this issue before Supreme Court, it is not preserved for our review (*see*, *Seaburg v New York Mut. Underwriters*, 267 AD2d 712, 713; *Sloan v Repsher*, 263 AD2d 906, 908).

Plaintiff further argues that Supreme Court erred in granting both defendants summary judgment since neither proved ownership of the property where he fell. This argument lacks merit since it is not defendants' burden to prove ownership of the premises where the accident occurred and, in any event, ownership of the property was admitted by Fitzgerald in her answer.

Spain, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.