■ BERYL N. MECKERT, Appellant, v SEARS ROEBUCK & COMPANY, Respondent. [721 NYS2d 393] —In an action, inter alia, to recover damages for wrongful death arising from strict products liability, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated April 14, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff alleges that in October 1993, her decedent Edward Nault was killed in a fire and her decedent Kathryn Nault was injured in the same fire. The plaintiff contends that the fire was caused by a defective electric blanket purchased from the defendant and manufactured by nonparty Sunbeam Corporation (hereinafter Sunbeam). The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and we reverse.

After the defendant established a prima facie case for summary judgment, the plaintiff proffered circumstantial evidence that the blanket at issue was purchased from the defendant and manufactured by Sunbeam at a time when all such blankets contained allegedly defective wiring, and that the blanket was a proximate cause of the fire. This circumstantial evidence set forth sufficient facts upon which the liability of the defendant could be reasonably and logically inferred (*see, Gomes v Courtesy Bus Co.,* 251 AD2d 625; *Valentin v Hirsch Elec. Co.,* 245 AD2d 285; *Babino v City of New York,* 234 AD2d 241). Thus, the Supreme Court erred in granting the defendant summary judgment dismissing the complaint. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.