■ In the Matter of JUDITH R. WYMAN et al., Appellants, v JAY BRAMAN, SR., Constituting the Zoning Board of Appeals of the Town of Shandaken, et al., Respondents. [750 NYS2d 655] —Kane, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 31, 2001 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition and amended petition for lack of standing.

In December 2000, respondent Crown Atlantic Company LLC, on behalf of itself and respondent Verizon Wireless, filed an application for a zoning permit to construct a 192-foot-high cellular tower on land owned by respondent Loren Umhay in a residentially zoned area along State Route 28 in the Town of Shandaken, Ulster County. The applicable section of the Town's zoning ordinance provides that such towers are not to exceed a height of 70 feet in the subject zone. On January 17, 2001, the Town of Shandaken Zoning Department denied the application.

In February 2001, Crown Atlantic filed an application for a variance permitting the construction of the cellular tower and the matter came before the Town's Zoning Board of Appeals (hereinafter Board) on February 15, 2001, March 15, 2001 and April 19, 2001. After a hearing, the Board voted three to one, with one abstention, to grant the application for the variance. Petitioners commenced this CPLR article 78 proceeding on June 14, 2001 to annul the Board's determination. Respondents answered and shortly thereafter, petitioners amended their petition so as to identify certain petitioners within the zone of interest who suffered a direct injury. Respondents then moved to dismiss the petition and amended petition for lack of standing and failure to state a cause of action. Supreme Court dismissed the petition and amended petition for lack of

standing. The court further concluded that the Board's decision to grant the variance was rational and supported by the record.

Initially, petitioners' claim that certain standing requirements violate their equal protection and due process rights was not raised before Supreme Court and, thus, such claim has not been preserved for our review (*see Seaburg v New York Mut. Underwriters*, 267 AD2d 712, 714; *Warfield v Terry*, 238 AD2d 765, 766). In any event, to the extent that petitioners contend that the three-prong test for standing articulated in *Matter of Dairylea Coop. v Walkley* (38 NY2d 6, 9) and *Society of Plastics Indus. v County of Suffolk* (77 NY2d 761) violates the Equal Protection and Due Process Clauses of the NY and US Constitutions in that it distinguishes those individuals who suffer direct harm from the public at large, we need note only that the Court of Appeals analyzed the constitutionality of this standard in *Society of Plastics Indus. v County of Suffolk* (*supra*) and found that the test passes constitutional muster.

Next, we agree that Supreme Court properly dismissed the petitions on the basis that petitioners were not aggrieved and, thus, lacked standing. In order to establish standing, a petitioner must demonstrate that he or she has "suffered an injury in fact, distinct from that of the general public" and "that the injury claimed falls within the zone of interests to be protected by the statute challenged" (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587; *see Society of Plastics Indus. v County of Suffolk, supra* at 773; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 412). Guided by these principles, we find that the record establishes that petitioners failed to sufficiently demonstrate that they sustained an injury different in kind and degree from the community at large as a result of the Board's determination.

As noted by Supreme Court, of the 174 petitioners,* only four have submitted affidavits articulating their claims. As to petitioners Judith R. Wyman and Aaron Bennett, each alleges that they hike on the Tanbark and Mount Tremper Trails and that the cellular tower will alter their viewshed and their use and enjoyment of these trails. However, because none of the petitioners has alleged that they own property adjacent or contiguous to the site of the proposed cellular tower, none has demonstrated that they "will suffer any greater or different

---

* Three petitioners withdrew and one submitted a letter stating that she did not understand that her signature on a petition opposing the variance was meant to authorize her name as a litigant on the CPLR article 78 petition.

impacts than the public at large" (*Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d 548, 550, *lv denied* 96 NY2d 716) and, therefore, petitioners cannot be found to have standing. Petitioner Nita Friedman's unsupported allegations that her business is likely to suffer direct economic harm due to diminished tourism is insufficient to confer standing (*see Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433-434). Finally, Tom Alworth, the executive director of petitioner Catskill Center Conservation and Development (hereinafter CCCD), merely alleges that one of the purposes of his organization is "to preserve the natural and historic resources of the Town of Shandaken" and that CCCD "participated in the development of the newly opened Tanbark Trail." "The standing of an organization such as [CCCD] to maintain an action on behalf of its members requires that some or all of the members themselves have standing to sue, for standing which does not otherwise exist cannot be supplied by the mere multiplication of potential plaintiffs" (*Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333). Here, CCCD has failed to establish that any one of its members "has sustained special damage, different in kind and degree from the community generally" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 413). Based on the record, we find that Supreme Court did not err in concluding that none of the petitioners has standing and the judgment should therefore be affirmed. Hence, we need not address the remaining issues raised by petitioners herein.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.