Rivera v 203 Chestnut Realty Corp. (2019 NY Slip Op 04976)





Rivera v 203 Chestnut Realty Corp.


2019 NY Slip Op 04976


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-12069
2017-05377
 (Index No. 150561/14)

[*1]Kimberly Rivera, et al., respondents, 
v
203 Chestnut Realty Corp., defendant, Delco Painting Corp., appellant.


Farber Brocks & Zane, LLP, Garden City, NY (Tracy L. Frankel of counsel), for appellant.
Baron Associates, P.C., Brooklyn, NY (Bruce Baron of counsel), for respondents Kimberly Rivera, Olvin Oliveras, Hassan Almas, and Noura Almas.
Rosenbaum & Rosenbaum, P.C., New York, NY (Matthew Gammons of counsel),
for respondent Darlene DiSimone.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Delco Painting Corp. appeals from (1) an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated November 2, 2016, and (2) an order of the same court dated May 9, 2017. The order dated November 2, 2016, insofar as appealed from, denied the motion of Delco Painting Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The order dated May 9, 2017, insofar as appealed from, upon reargument, adhered to so much of the determination in the order dated November 2, 2016, as denied the motion of Delco Painting Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal from the order dated November 2, 2016, is dismissed, as the portions of the order appealed from were superseded by the order dated May 9, 2017, made upon reargument; and it is further,
ORDERED that the order dated May 9, 2017, is modified, on the law, by deleting the provisions thereof which, upon reargument, adhered to so much of the order dated November 2, 2016, as denied those branches of the motion of the defendant Delco Painting Corp., which were for summary judgment dismissing the negligence per se causes of action and the cross claims for contribution and contractual indemnification insofar as asserted against it, and substituting therefor a provision, upon reargument, vacating that determination and, thereupon, granting those branches of the motion; as so modified, the order dated May 9, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED, that one bill of costs is awarded to the plaintiffs appearing separately and filing separate briefs, payable by the defendant Delco Painting Corp.
The plaintiffs Kimberly Rivera, Olvin Oliveras, Hassan Almas, and Noura Almas (hereinafter collectively the tenant plaintiffs) allegedly were injured when semi-attached multi-family buildings in which they lived caught fire. The plaintiffs commenced this consolidated action against the defendant 203 Chestnut Realty (hereinafter Chestnut), the owner of the premises, and the defendant Delco Painting Corp. (hereinafter Delco), a contractor allegedly hired to renovate the subject premises. Chestnut asserted cross claims against Delco, inter alia, seeking contribution and contractual indemnification with respect to the claims of the tenant plaintiffs. Chestnut thereafter settled with the tenant plaintiffs.
After discovery, Delco moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion in an order dated November 2, 2016. Delco then moved for leave to reargue its motion. Upon reargument, in an order dated May 9, 2017, the Supreme Court adhered to the determination in the order dated November 2, 2016. Delco appeals.
Delco failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the negligence causes of action insofar as asserted against it. Delco's moving papers failed to eliminate triable issues of fact as to whether its conduct proximately caused the fire (cf. Slonecki v Damm, 122 AD3d 609). In support of its motion, Delco submitted the deposition transcript of a fire marshal employed by the New York City Fire Department who testified that, based on circumstantial evidence, the fire was caused by electrical wiring in a particular area of the subject premises. Delco failed to eliminate triable issues of fact as to whether it performed electrical work in the area in which the fire started. Although representatives of Delco and Chestnut asserted in their deposition testimony that Delco was not hired to, and did not, perform any electrical work on the subject premises, those averments were contradicted by the deposition testimony of some of the tenant plaintiffs, who asserted that they had observed Delco performing electrical work in the apartment where the fire occurred, and that Delco was the only entity that performed repairs and other work at the premises generally, including electrical work. The foregoing circumstantial evidence set forth sufficient facts upon which Delco's liability could be reasonably and logically inferred (see Meckert v Sears Roebuck & Co., 281 AD2d 402, 403). Accordingly, we agree with the Supreme Court's denial of that branch of Delco's motion which was for summary judgment dismissing the negligence causes of action insofar as asserted against it, without regard to the sufficiency of the opposition papers on those causes of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, that branch of Delco's motion which was for summary judgment dismissing the negligence per se causes of action asserted against it by the tenant plaintiffs should have been granted. "[V]iolation of a State statute that imposes a specific duty constitutes negligence per se, or may even create absolute liability" (Elliott v City of New York, 95 NY2d 730, 734). In contrast, violation of local ordinances or administrative rules and regulations constitutes only evidence of negligence (see id. at 734). Here, the tenant plaintiffs did not allege that Delco violated any particular State statute. Rather, they only alleged violations of local laws (see id.).
The Supreme Court also should have granted that branch of Delco's motion which was for summary judgment dismissing the cross claims asserted against it by Chestnut for contribution with respect to the tenant plaintiffs' claims. In light of Chestnut's settlement with the tenant plaintiffs, those cross claims were barred by General Obligations Law § 15-108 (see Ziviello v O'Boyle, 90 AD3d 916, 917). Additionally, Delco demonstrated its prima facie entitlement to judgment as a matter of law dismissing Chestnut's cross claim for contractual indemnification by submitting evidence that there was no contract between Delco and Chestnut, much less one containing an indemnification provision (see Pantaleo v Bellerose Senior Hous. Dev. Fund Co., Inc., 147 AD3d 777, 778). Chestnut did not raise a triable issue of fact, as it did not oppose Delco's motion.
We decline the plaintiffs' request to impose sanctions against Delco for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
Delco's remaining contentions are without merit.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court