Benjamin Brenner, J.
Motion by defendant Eckhoff pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint as to him.
The plaintiff was injured in a fire and in her cause of action against the defendant Eckhoff, as owner of the premises, she sets forth that his agent, who was then present, knew she was in the building, failed to rescue her, failed to timely notify .the Fire Department of her presence and failed in his duty to take necessary steps for her safety. Plaintiff nowhere asserts that said defendant was responsible for the fire. She does assert that the premises was a fire hazard but, as this is a purely conelusory allegation, it is insufficient in law. Nor is. it alleged that this defendant violated any ordinance or code, which .plaintiff is entitled to invoke and which would constitute the proximate cause of the fire. (Winbush v. City of Mt. Vernon, 2 A D 2d 893.) *335 Granted then that the allegations as to the defendant Eckhoff are true and entitled to every favorable intendment, plaintiff has failed to set forth facts showing, the movant’s actionable negligence. (Didier v. Macfadden Pub., 299 N. Y. 49.)
It certainly cannot be said that an owner owes the duty of rescue, since there is no common-law obligation for a landlord to be benevolent, heroic or to insure the safety of his tenant. And, assuming arguendo that said defendant owed the duty of notifying the firemen of plaintiff’s presence, there is no assertion that such failure of notification was the proximate cause of or would have prevented injury. (Battalla v. State of New York, 10 N Y 2d 237.) The allegations against the defendants Village of Rockville Centre and Fire Department assert that those defendants had knowledge of plaintiff’s presence in the premises at the time of the fire and that having such knowledge they failed to take steps for her safety or rescue. The plain but ineffectual inference from this' pleading is that plaintiff’s injuries could have been prevented if the firemen had been further notified by Eckhoff’s agents of plaintiff’s presence in the burning premises although they were already aware of such fact and failed to do their duty.
The third cause of action against defendant Eckhoff is therefore dismissed, with leave to plaintiff, if so advised, to serve an amended complaint within 20 days after service of a copy of the order to be entered hereon with notice of entry.