■ JOHN FRENO et al., Respondents, v GRACE S. SUTTON, Defendant and Third-Party Plaintiff, and SILK & HALPERN REALTY ASSOCIATES, INC., Appellant and Fourth-Party Defendant-Appellant, et al., Defendant, et al., Third-Party Defendant and Fourth-Party Plaintiff.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered on or about February 21, 1989, which, *inter alia,* denied the motion of defendant and fourth-party defendant Silk and Halpern Realty Associates, Inc. for summary judgment dismissing the complaint, is unanimously affirmed, without costs.

Plaintiff was shot and stabbed when, in the normal course of his business, he entered an office in a building managed by defendant. While the record shows that defendant did take precautions to provide for the safety of individuals entering the premises by stationing security personnel in the lobby, and that prior criminal activity in the building was minimal *(compare, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Miller v State of New York,* 62 NY2d 506), there is also evidence that a freight entrance was left open and unattended during business hours, and that building personnel, whose duty it was to screen visitors, rarely if ever inquired as to the business of strangers entering the building. This sufficed to give rise to a triable issue as to whether the precautions taken were reasonable under the circumstances. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.