■ Edward Ricard, Appellant, v Roseland Amusement and Development Corporation et al., Respondents. [626 NYS2d 186] —Judgment, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered July 13, 1994, which, at the

close of plaintiff's case, granted defendants' motion to dismiss the complaint for failure to establish a prima facie case, unanimously affirmed, without costs.

The Supreme Court properly granted defendant Roseland's motion to dismiss the complaint for failure to establish a prima facie case since plaintiff failed to introduce the testimony of a qualified expert in the field of security, leaving the jury to speculate as to any possible deficiencies in security at the dance club where plaintiff was injured, and what additional safety measures, if any, could reasonably have been undertaken by the club under the circumstances *(Iannelli v Powers,* 114 AD2d 157, 163, *lv denied* 68 NY2d 604). Based on the trial record, it cannot be said that the dance club breached its duty to take minimal precautions to protect members of the public. The complaint was also properly dismissed with respect to the promoters of the event at the club on the evening in question, since there was no valid line of reasoning which could lead reasonable persons to conclude that the promoters owed, let alone breached, a duty to protect plaintiff from harm *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Asch, JJ.