■ TERRENCE KING et al., Appellants-Respondents, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents-Appellants. [639 NYS2d 120]

The Supreme Court properly dismissed the complaint insofar as asserted against the defendant D. & J. Refreshments, Inc. (hereinafter D. & J.). The proof offered by the defendants was sufficient to show that the defendant D. & J. was not negligent in its design and/or operation of the cafeteria, and the plaintiffs failed to offer sufficient evidentiary proof to show the existence of a factual question requiring denial of summary judgment (see, Zuckerman v City of New York, 49 NY2d 557; Hagan v General Motors Corp., 194 AD2d 766; Morrison v Flintosh, 163 AD2d 646; Spearmon v Times Sq. Stores Corp., 96 AD2d 552; see also, Ricard v Roseland Amusement & Dev. Corp., 215 AD2d 240).

However, the Supreme Court erred in not granting the branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau County Department of Social Services (hereinafter the DSS). The allegations in the plaintiffs' complaint, together with the additional evidence offered by them in op-

position to the motion for summary judgment, showed only that an unknown person spilled hot liquid on the plaintiff Terrence King thereby burning him.

According the plaintiffs every favorable inference, as we must, the evidence presented was insufficient to permit the plaintiffs to prove a prima facie case of negligence against the DSS. In order to recover against the DSS, the fact-finder would have to impermissibly speculate as to: (1) the identity of the unknown person who had spilled hot liquid on the plaintiff Terrence King; and (2) whether or not that person was employed by the DSS (see generally, Lynn v Lynn, 216 AD2d 194; Schafrick v Shinnecock Bait & Tackle Co., 204 AD2d 706; Camillery v Halfmann, 184 AD2d 488; Santos v City of New York, 130 AD2d 476). It was therefore error to have denied the branch of the motion which was to dismiss the complaint as against the DSS.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Balletta, J. P., Joy, Krausman and Florio, JJ., concur.