■ ANDREA KING et al., Appellants, v RESOURCE PROPERTY MANAGEMENT CORP. et al., Respondents, et al., Defendant. [665 NYS2d 637] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered November 27, 1996, which granted plaintiff's motion to reargue a prior order, same court and Justice, entered on or about August 15, 1996, granting defendant secu-

rity guard company's motion for summary judgment dismissing the complaint as against it, and, upon reargument, adhered to the prior order, unanimously affirmed, without costs. The appeal from the order of August 15, 1996 is unanimously dismissed as superseded by the appeal from the order of November 27, 1996. Order, same court and Justice, entered December 11, 1996, which granted defendants building owner's, management company's and managing agent's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated as against them.

Plaintiff was assaulted and robbed in an incident that commenced in a common corridor and concluded in an empty office of a commercial building, and seeks to recover against the building's owners and management and the security guard company they hired for failure to provide adequate security. The action was dismissed by the motion court for plaintiff's failure to come forward with any proof as to how the assailant gained access to the premises. This was error. Plaintiff's evidence that the building owners and managing agent received numerous complaints from tenants about criminal activity in the building and, in turn, warned tenants about such activity, that building entrances were left unattended during business hours, that visitors were not screened upon entering the building, and that, in the opinion of a security expert, the assault was the result of inadequate security measures, sufficed to raise triable issues as to whether the security measures taken by defendant landlord or its managing agent were reasonable under the circumstances, and, if not, whether defendants' failure to provide reasonable security was a proximate cause of the assault (*see, Freno v Sutton*, 160 AD2d 597; *Rudel v National Jewelry Exch. Co.*, 213 AD2d 301). However, the action was properly dismissed as against the security guard company, since it did not assume a special duty of care to plaintiff and its contract with the management company did not make plaintiff a third-party beneficiary (*Rudel v National Jewelry Exch. Co., supra.*). Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.