■ CHARLEEN FEENEY, Appellant, v CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) [680 NYS2d 646] —In an action to recover damages for violations of Civil Rights Law § 50-b, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated May 12, 1997, which denied her motion for summary judgment and granted the defendants' respective cross motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff was raped and sodomized during an armed rob-

bery in September 1990 at a lingerie store in Bayside where she was employed. Thereafter, the plaintiff identified herself in an article which appeared in the December 5, 1991, issue of the *Bayside Times*. In January 1993, CBS, Inc., broadcast an episode of the television show *Top Cops* which chronicled the assault on the plaintiff. The defendant, Joseph Cialone, a New York City Police detective, participated in the production of this episode of *Top Cops*. The plaintiff thereafter commenced the instant action against Cialone and the defendant City of New York, alleging that the *Top Cops* episode tended to identify her as the victim of a sex offense, which is in violation of Civil Rights Law § 50-b.

Pursuant to Civil Rights Law § 50-b, the identity of any victim of a sexual offense shall be confidential. Further, if the identity of the victim of a sexual offense is disclosed by a public officer or employee in violation of the statute, then "any person injured by such disclosure may bring an action to recover damages suffered by reason of such wrongful disclosure" (Civil Rights Law § 50-c).

The Supreme Court properly granted the defendants' cross motions for summary judgment because the fact finder would be required to impermissibly speculate as to the identity of the person who provided the plaintiff's identity to CBS, Inc., and whether the person who had supplied the information was employed by the City of New York (*see, King v Nassau County Dept. of Social Servs.*, 225 AD2d 591). In any event, the plaintiff's voluntary disclosure of her identity in an issue of the *Bayside Times* constituted a waiver of her right to nondisclosure of her identity under Civil Rights Law § 50 (b) (*see, Doe v Marsh*, 105 F3d 106; *Matter of Doe v City of New York*, 15 F3d 264). Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.