■ Philip Prophete et al., Appellants, v County of Nassau, Defendant, and Nassau Community College et al., Respondents. (And a Third-Party Action.) [710 NYS2d 78] —In a consolidated action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated March 4, 1999, as, upon the granting of the respective motions of the defendants Nassau Community College and Faculty Student Association of Nassau Community College, Inc., to dismiss the complaint at the close of the plaintiffs' case for failure to make out a prima facie case, is in favor of those defendants and against them, dismissing the complaint.

Ordered that the appeal from so much of the judgment as

dismissed the complaint against the defendant Faculty Student Association of Nassau Community College, Inc., is dismissed as withdrawn; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Nassau Community College is awarded one bill of costs, payable by the plaintiffs.

Viewing the evidence in the light most favorable to the plaintiffs, and giving them the benefit of every favorable inference (*see, Pulitano v Suffolk Manor Caterers,* 245 AD2d 279), the trial court correctly granted the motion of the defendant Nassau Community College (hereinafter the College) to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs failed to make out a prima facie case against it. The plaintiffs did not introduce any expert testimony on the issue of what would have constituted proper security measures at the dance where they were assaulted. Without such testimony, the jury would have been forced to speculate about any possible deficiencies in the security measures that the College employed, and about what additional security measures, if any, should have been employed under the circumstances (*see, Ricard v Roseland Amusement & Dev. Corp.,* 215 AD2d 240; *see also, Grassi v Carolina Barbeque,* 254 AD2d 38).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.