■ Jason Lewis, Appellant, v Jemanda New York Corp., Respondent. [716 NYS2d 58] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about July 12, 1999, granting defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was allegedly injured on defendant's premises when a fellow patron hit him over the head with a champagne bottle. Inasmuch as the incident was attributable to the sudden, unexpected and unforeseeable act of plaintiff's assailant, its prevention was beyond any duty defendant may have had as a landowner to its patrons (see, Davis v City of New York, 183 AD2d 683; Lindskog v Southland Rest., 160 AD2d 842). We note in this connection that plaintiff himself testified that he was totally taken by surprise by the assault and that it occurred so quickly that he did not even think to summon defendant's security guards.

Although plaintiff argues that defendant was negligent for "putting liter size [champagne] bottles in the hands of patrons," defendant correctly points out that it was not the presence of the champagne bottle, but rather the altercation between plaintiff and the unnamed group of patrons at the club, that was the proximate cause of plaintiff's alleged injuries.

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.