■ Enis Djurkovic, Appellant, v Three Goodfellows, Inc., Respondent, et al., Defendant. [767 NYS2d 108]—

Judgment, Supreme Court, New York County (Edward Lehner, J.), entered May 20, 2003, dismissing the complaint as against defendant-respondent club owner (defendant) pursuant to an order which, in an action by plaintiff patron against defendant for personal injuries sustained when plaintiff was assaulted on defendant's premises by another patron wielding a box cutter, granted defendant's motion to set aside the verdict in plaintiff's favor and directed judgment in favor of defendant as a matter of law, unanimously affirmed, without costs.

Plaintiff testified that the attack occurred immediately after he refused the assailant's demand to hand over the gold chain he was wearing. Judgment notwithstanding the verdict was properly awarded defendant in the absence of any evidence of any prior criminal activity at its club (see Jacqueline S. v City of New York, 81 NY2d 288, 294-295 [1993]; Florman v City of New York, 293 AD2d 120, 125-126 [2002]). In any event, even if the anticipated presence of large crowds of young people consuming alcohol at a "hip-hop" club in the early morning hours made this type of targeted criminal attack foreseeable (but see Florman, 293 AD2d at 125, distinguishing Rotz v City of New York, 143 AD2d 301 [1988]; Maheshwari v City of New York, 307 AD2d 797, 798-799 [2003], following Florman and also distinguishing Rotz; Lewis v Jemanda N.Y. Corp., 277 AD2d 134 [2000]), thus imposing a duty on defendant to take reasonable security measures to minimize the danger (see Jacqueline S., 81 NY2d at 294), there is no evidence from which the jury could have inferred that defendant breached that duty. Defendant, in fact, took security measures against criminal attacks involving weapons, including the hiring of state-licensed security guards who were present throughout the club in significant numbers, and who conducted patdowns and operated metal detectors at the entrance. Admittedly, the detectors were not set to a level sensitive enough to detect small metal objects, such as keys and,

so it would appear, box cutters. But because plaintiff offered no expert testimony in the field of security, the jury could only speculate as to any deficiencies in the security provided by defendant, and what additional safety measures, if any, could reasonably have been taken to prevent this type of crime (see *Ricard v Roseland Amusement & Dev. Corp.*, 215 AD2d 240 [1995], *lv denied* 87 NY2d 805 [1995]; *Florman*, 293 AD2d at 127). Based on this record, there is no valid line of reasoning by which the jury could have concluded that defendant failed to provide reasonable security against the type of crime that resulted in plaintiff's injuries. Concur—Saxe, J.P., Saxe, Rosenberger, Friedman and Gonzalez, JJ.