■ SHARON ZAMORE, Appellant, v BAR NONE HOLDING COMPANY, LLC, et al., Respondents. [900 NYS2d 644]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 15, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleged that she sustained personal injuries when she was assaulted with a glass thrown unexpectedly by a disorderly patron in defendants' bar as the patron was being escorted from the premises by defendants' security personnel.

With the exception of a specific violation of the Dram Shop Acts, the standard of care for a nightclub operator is no different from the standard of care for any premises operator (*D'Amico v Christie*, 71 NY2d 76 [1987]). "Inasmuch as the incident was attributable to the sudden, unexpected and unforeseeable act of plaintiff's assailant, its prevention was beyond any duty defendant may have had as a landowner to its patrons" (*Lewis v Jemanda N.Y. Corp.*, 277 AD2d 134 [2000]). The court thus properly dismissed the negligent security claim.

Liability under the Dram Shop Acts (General Obligations Law § 11-101 and Alcoholic Beverage Control Law § 65) "requires a commercial sale of alcohol" (*D'Amico v Christie*, 71 NY2d at 84). The claims based upon violation of the Dram Shop

Acts were also properly dismissed as there was no evidence that the assailant was served by an employee of the bar (as opposed to being handed a drink by another patron), that the assailant was visibly intoxicated at the time of the sale, or that the consumption of alcohol was the proximate cause of the assault (*see e.g. Catania v 124 In-To-Go, Corp.*, 287 AD2d 476 [2001], *lv dismissed* 97 NY2d 699 [2002]). Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 30831(U).]**