■ STUART SUGARMAN, Appellant, v EQUINOX HOLDINGS, INC., Doing Business as EQUINOX FITNESS CLUB, et al., Respondents, et al., Defendants. [901 NYS2d 615]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 16, 2008, which granted the Equinox defendants' motion to dismiss for failure to state a cause of action, unanimously affirmed, without costs.

The complaint alleged that defendant Carter became increasingly hostile and enraged over the refusal by plaintiff, a fellow customer, to discontinue his shouting and cheering during a spin class at defendant health club. Indeed, Carter complained to the class instructor about plaintiff's behavior. The instructor did not intercede in the dispute, and plaintiff alleged that he was in fear of imminent harm. Nonetheless, plaintiff continued in his shouting and cheering. Ultimately, Carter abruptly pushed plaintiff and his spin cycle backward into a wall, resulting in plaintiff's neck and head injuries, allegedly warranting his hospitalization and surgery.

Plaintiff failed to state a claim for negligence predicated upon Equinox's alleged breach of its duty to control the conduct of a customer on its premises under these circumstances. Plaintiff failed to allege any facts that put defendant Equinox on notice that any criminal activity had occurred on the premises or that it would occur. The unforeseeable and unexpected assault by patron at a fitness club, without more, does not establish a basis for liability (*Djurkovic v Three Goodfellows*, 1 AD3d 210 [1st Dept 2003]).

That aspect of the claim for negligent hiring and retention was properly dismissed where the complaint alleged Equinox's liability under the theory of respondeat superior, but with no allegation that the witness employee had acted outside the scope of his employment; nor was the employee even named as a party defendant (*see Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]).

Plaintiff has not adequately established that Equinox owed plaintiff a common-law duty to summon emergency responders to its premises on his behalf. To the extent plaintiff claimed Equinox breached a duty of care by preventing emergency responders from reaching him at the health club, nowhere was it alleged that such nonaction aggravated or exacerbated his injuries. Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ. **[Prior Case History: 21 Misc 3d 1147(A), 2008 NY Slip Op 52530(U).]**