■ JUAN LEBRON, Appellant, v LOCO NOCHE, LLC, et al., Respondents, et al., Defendants. (And a Third-Party Action.) [921 NYS2d 211]—

In this personal injury action, plaintiff alleges that, while he was observing a fight at premises operated by Noche, an unknown assailant unexpectedly struck him with a bottle. Pursuant to a contract with Noche, MZE provided security services at the premises. The court properly determined that the complaint against Noche should be dismissed because plaintiff failed to raise a triable issue of fact as to whether the assault was foreseeable (*see Zamore v Bar None Holding Co., LLC*, 73 AD3d 601, 601 [2010]).

The court also properly determined that plaintiff failed to raise a triable issue of fact as to whether MZE owed him a duty of care. The record does not provide any basis for finding that plaintiff detrimentally relied on MZE's continued performance of its duties under its contract with Noche. Indeed, plaintiff testified that he remained near the altercation because he did not want to lose sight of those with whom he had arrived. Accordingly, as a matter of law, plaintiff will not be able to show that, as a result of MZE's prior provision of security services, "he was lulled into a false sense of security that led him to fail to take steps himself to ensure that" he was not assaulted (*Rahim v Sottile Sec. Co.*, 32 AD3d 77, 81 [2006] [internal quotes and citation omitted]).

The record also fails to provide any basis for finding that MZE entirely displaced Noche's duty to maintain the premises safely. Indeed, although the contract does not describe MZE's duties in detail, it specifically provides that MZE should "immediately" notify Noche of any incidents, and that "a mutual decision will be reached as to any possible action" (*see Rahim*, 32 AD3d at 82). Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.