■ YONKERS AVENUE DODGE, INC., Respondent, v BZ RESULTS, LLC, Appellant. [945 NYS2d 280]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered July 21, 2011, which, insofar as appealed from, denied defendant's unopposed motion for summary judgment dismissing the first cause of action alleging breach of contract and for summary judgment in its favor on its first and second counterclaims, unanimously modified, on the law, to grant the motion for dismissal of the first cause of action and for summary judgment, as to liability only, on defendant's first and second counterclaims, and otherwise affirmed, without costs.

Plaintiff, owner and operator of a car dealership, and defendant, a digital market consultant firm, entered into an agreement under which defendant agreed to create for the dealership a website and digital marketing system. The agreement was for a term of 36 months, during which plaintiff would pay a monthly fee.

The court erred in denying defendant's motion seeking summary judgment dismissing plaintiff's claim of breach of contract. Defendant provided a copy of the agreement, the billing records on the account, and an affidavit from an officer of the company. That officer averred that defendant had fulfilled all of its obligations under the agreement, but had not received the payments from plaintiff required under the agreement. Thus, defendant made a prima facie showing of entitlement to summary judgment (*see e.g. Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 21 AD3d 90, 96-97 [2005], *affd* 7 NY3d 65 [2006], *cert denied* 549 US 1095 [2006]; *Bombardier Capital v Reserve Capital Corp.*, 295 AD2d 793, 794 [2002]).

While an unopposed summary judgment motion will be denied

upon a movant's failure to establish prima facie entitlement to summary judgment or where the evidence creates a question of fact (*see Myers v Bartholomew*, 91 NY2d 630 [1998]; *Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 277 n [2006]), here defendant met its burden and the record contains no evidence creating a question of fact. The motion court found questions of fact based upon a letter from plaintiff to defendant asserting that defendant was unable to fulfill its contractual obligations. However, the letter was unsigned and unsworn, and therefore devoid of probative value. This letter was insufficient to defeat defendant's motion (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Lazu v Harlem Group, Inc.*, 89 AD3d 435 [2011]).

The motion court also erred in denying defendant's motion seeking summary judgment on its first and second counterclaims, which alleged breach of contract and entitlement to contractual damages and attorneys' fees. While the contract contained various provisions for its termination, these differing contingencies did not render the contract ambiguous. Nevertheless, since defendant failed to establish its entitlement to the actual and liquidated damages sought, or the amount and reasonableness of attorneys' fees claimed, it is not entitled to judgment in a sum certain. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.