Hirsch v Solares (2018 NY Slip Op 07828)





Hirsch v Solares


2018 NY Slip Op 07828


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7627 159117/13

[*1]David Hirsch, Plaintiff-Respondent,
v
Nicolas Solares, Defendant, Hill Country New York, LLC doing business as Hill Country Barbeque Market, et al., Defendants-Appellants.


Fixler & LaGattuta, LLP, New York (Paul F. LaGattuta III of counsel), for appellants.
Debra S. Reiser, New York, for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 7, 2018, which denied defendants Hill Country New York, LLC d/b/a Hill Country Barbeque Market and Hill Country New York Catering Company, LLC's (defendants) motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant the motion as to the causes of action for strict liability, and otherwise affirmed, without costs.
The motion court correctly found that issues of fact exist whether defendants breached a duty to maintain safe premises and protect their patrons from assaultive conduct by third parties and whether reasonable security measures could have thwarted or minimized the injury plaintiff suffered at the hands of defendant Solares (see King v Resource Prop. Mgt. Corp., 245 AD2d 10 [1st Dept 1997]; Florman v City of New York, 293 AD2d 120, 124 [1st Dept 2002]). Plaintiff's expert set forth the standard security measures applicable to defendants' type of establishment, which included a bar, a restaurant seating area, and a music stage. However, the record shows that there were no security measures in place, and, moreover, that the restaurant manager had observed the escalating incident between Solares and plaintiff without responding initially, that the scuffle moved from a table to the prep kitchen, covering a distance of approximately 40 feet, and that the worst of the beating was inflicted upon plaintiff in the prep kitchen.
The strict liability claims alleging violations of Alcoholic Beverage Control Law § 65(2) must be dismissed, because there is no evidence that defendants unlawfully served Solares alcohol while he was visibly intoxicated (see Zamore v Bar None Holding Co., LLC, 73 AD3d 601 [1st Dept 2010]). Indeed, there is no evidence that defendants served Solares alcohol at all.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK