Schalman v Aquatic Recreational Mgt., Inc. (2021 NY Slip Op 00641)





Schalman v Aquatic Recreational Mgt., Inc.


2021 NY Slip Op 00641


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 160482/16 Appeal No. 13054 Case No. 2019-4315 

[*1]Lynne Schalman, as Executor of the Estate of Stephen Bergen, Deceased, and Lynne Schalman, individually, Plaintiffs-Appellants,
v
Aquatic Recreational Management, Inc., et al., Defendants-Respondents, New York Aquatics, LLC, et al., Defendants.


Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellants.
Kaufman Borgeest & Ryan LLP, Valhalla (Shannon Henderson of counsel), for Aquatic Recreational Management, Inc., respondent.
Dorf & Nelson, LLP, Rye (Stephanie K. McDougall of counsel), for Rose Associates, Inc., 300 East 85th Street Housing Corp. and 300 E. 85th Street Housing Corp., respondents.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered April 4, 2019, which, to the extent appealed from, granted defendants Aquatic Recreational Management, Inc.'s and Rose Associates, Inc. and 300 East 85th Street Housing Corp.'s motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The motion court correctly determined that the duty of care owed to plaintiff's decedent by defendant Aquatic's lifeguard did not extend to anticipating and responding to a non-drowning emergency that arose from an undisclosed medical condition (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]; Williams v City of New York, 71 AD3d 1135 [2d Dept 2010]). Nor did the employees of defendants' owner and manager of the building owe the decedent a duty to recognize his emergency medical event and respond to it (see e.g. Sugarman v Equinox Holdings, Inc., 73 AD3d 654 [1st Dept 2010]; Jardine v Village of Rockville Ctr., 39 Misc 2d 334, 335 [Sup Ct, Kings County 1963]).
Moreover, any inattention on the part of the lifeguard was not a proximate cause of the decedent's unfortunate death (see Ohdan v City of New York, 268 AD2d 86, 89 [1st Dept 2000], lv denied 95 NY2d 769 [2000]). Although the various experts did not agree on whether he died due to a cardiac event or a glycemic event or a combination of the two, none of them disagreed with the New York City Medical Examiner's opinion that the decedent did not drown.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021