S. G. v Harlem Vil. Academy Charter Sch. (2023 NY Slip Op 01069)

S. G. v Harlem Vil. Academy Charter Sch.

2023 NY Slip Op 01069

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ.

Index No. 161238/17 Appeal No. 16959 Case No. 2022-02478 

[*1]S. G., an Infant by Her Mother and Natural Guardian et al., Plaintiffs-Appellants,
v
Harlem Village Academy Charter School, et al., Defendants, The City of New York et al., Defendants-Respondents.

Diamond and Diamond LLC, Brooklyn (Stuart Diamond of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about December 20, 2021, which, to the extent appealed from as limited by the briefs, granted the motion of defendant New York City Mission Society (Mission) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In this personal injury action plaintiffs allege that at the Renaissance Playground adjacent to P.S. 194, located at 244 West 144th Street in New York County, infant plaintiff S.G. sustained chemical burns to her legs and feet after an "explosion occurred" when she kicked a "foggy" plastic Vitamin Water bottle apparently containing Drano (a "Drano bomb"). At the time of the incident, S.G. was enrolled as a seventh grader at defendant Harlem Village Academy Charter School (HVA), a public charter school authorized by defendant New York City Department of Education (DOE)[FN1] and located on the fourth floor of a building it shared with PS. 194. Mission operated an afterschool care program for HVA students pursuant to a contract with defendant the City of New York ("City"), acting through the Department of Youth and Community Development, under a program known as the Comprehensive Afterschool System of NYC. Plaintiffs allege negligent supervision and that defendant knew or should have known of the dangerous condition created by the presence of the Drano bomb. The court properly granted Mission's summary judgment motion, even assuming that a triable issue exists as to whether plaintiff was participating in Mission's afterschool program at the time she was injured. Plaintiff testified that, before she was injured, she had seen other children, who were not participating in Mission's afterschool program, on a different basketball court in the public park pouring a liquid into a Poland Spring bottle, not a Vitamin Water bottle. Plaintiff theorizes that Mission's staff should have observed the conduct of these children and intervened to stop them. However, plaintiff's own testimony, on which Mission was entitled to rely to satisfy its prima facie burden on the summary judgment motion, established that the actions of the children — even indulging the speculative assumption that they created the Drano bomb that later injured plaintiff — were the intentionally wrongful, spontaneous, and unforeseeable acts of third parties over whom Mission had no control or authority (see Carbonnier v Board of Educ. of the City of N.Y., 112 AD3d 406, 406 [1st Dept 2013] [school had no liability for "the impulsive, unanticipated act of a fellow student"], quoting Mirand v City of New York, 84 NY2d 44, 49 [1994]); Ullrich v Bronx House Community Ctr., 99 AD3d 472, 472 [1st Dept 2012] [community center was not liable for "an intentional and unforeseeable act of a third party"]; Sugarman v Equinox Holdings, Inc., 73 AD3d 654, 655 [1st Dept 2010] ["The unforeseeable and unexpected assault by (a) patron at a fitness club, without more, does not establish [*2]a basis for liability"]).[FN2] The record is devoid of any evidence that Mission's staff, had they noticed what the children were doing, would have had any reason to suspect that the children were planting Drano bombs or otherwise creating a dangerous condition. Accordingly, there is no basis, as a matter of law, for holding Mission liable for plaintiff's injuries.
All concur except Gesmer, J., and Rodriguez, J., who
dissent in a memorandum by Rodriguez, J.

RODRIGUEZ, J. (dissenting)
 

I respectfully dissent from the majority's decision affirming Supreme Court's decision and order, which granted defendant Mission's motion for summary judgment and dismissed plaintiffs' complaint as against it, because Mission failed to carry its prima facie burden.
In the present action, infant plaintiff S.G. and her mother seek to recover for alleged injuries that S.G. sustained when she kicked a stray bottle on a public park's basketball court and the bottle exploded, causing chemical burns to her legs. The incident occurred while S.G. was allegedly in the care of defendant Mission's afterschool program; she testified that Mission's afterschool teachers were not attentively supervising her and the other students but were instead preoccupied with their phones. S.G. further testified that she observed boys in the park huddled in the corner pouring something in a bottle some time prior to the incident. According to S.G., after the incident, another boy in the park found a Drano bottle and showed it to her.
Both in its motion papers and on appeal, Mission argues that plaintiffs offered no evidence that it had any notice that people had been placing "liquid bombs," "Drano bombs," or any other similar explosive device at the school or nearby public parks. Mission further contends that it was never alerted to the presence of any such explosive devices and that there is no showing that it had any notice of the presence of these types of devices in parks or playgrounds. In support of its argument, Mission relies on the deposition testimony of Harlem Village Academy's Dean of Students Manuel Billups, plaintiff's mother Vanessa Guerrero, and S.G. Mission argues that the testimony of these other parties, taken together, demonstrated that it had no notice and that the incident could not have been foreseen or prevented.
"[T]o establish a prima facie showing of entitlement to judgment as a matter of law," the moving party must "tender[] sufficient evidence to demonstrate the absence of any material issues of fact" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013] [internal quotation marks and citations omitted]). "This burden is a heavy one," and "[w]here the moving party fails to meet this burden, summary judgment cannot be granted, and the nonmoving party bears no burden to otherwise persuade the court against summary judgment" (id.). Indeed, "[t]he moving party's failure to make a prima facie showing of entitlement to summary [*3]judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers"(Vega v Restani Contr. Corp., 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]; see also Yonkers Ave. Dodge, Inc. v BZ Results, LLC, 95 AD3d 774, 774-775 [1st Dept 2012] ["an unopposed summary judgment motion will be denied upon a movant's failure to establish prima facie entitlement to summary judgment or where the evidence creates a question of fact"]).
For plaintiffs to be successful on their negligence claim, they must ultimately show, among other things, that Mission "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury" (Mirand v City of New York, 84 NY2d 44, 49 [1994]) and that the alleged "negligence was the proximate cause of the injuries sustained" (id. at 50). Of course, as already noted, plaintiffs as the nonmovants bear no burden unless Mission has made a prima facie showing, upon which plaintiffs must present admissible evidence sufficient to create a triable issue of fact.
As relevant to this appeal, Mission, to meet its prima facie burden, could have "tender[ed] sufficient evidence to demonstrate" (William J. Jenack, 22 NY3d at 475 [internal quotation marks omitted]) that there was no breach of the duty of care since it had no notice of prior similar incidents and the incident was "sudden, spontaneous . . . impulsive, [or] unanticipated" such that the school could not "reasonably be expected to guard against" it (Mirand, 84 NY2d at 49). Alternatively, Mission could have demonstrated that the incident was unforeseeable or that its alleged negligence was otherwise not the proximate cause of plaintiffs' alleged damages.
However, Mission's motion presented no evidence whatsoever from any of its employees, teachers, supervisors, or in the form of records from the afterschool program. Mission consequently failed to address, in the first instance, the issue of whether it had "notice of the dangerous conduct which caused injury" (id.). Under the circumstances, Mission's reliance on the testimony of other parties was insufficient to carry its prima facie burden.
Moreover, the record is inconclusive as to whether the incident was "sudden, spontaneous . . . impulsive, [or] unanticipated" (id.). Although the order of events is somewhat unclear, S.G.'s testimony, in the light most favorable to plaintiffs, suggests that sufficient time elapsed between her seeing the boys pouring something into a bottle and her kicking the bottle to have permitted defendant Mission's employees to observe the boys' activity and prevent the incident (see Lawes v Board of Educ., 16 NY2d 302, 305 [1965] [describing caretaker's responsibility "to take energetic steps to intervene . . . if dangerous play comes to its notice"]). Additionally, since Mission did not submit an affidavit from any of its employees, it failed to exclude the possibility that they observed or were notified of the boys' conduct in making [*4]"Drano bombs" on the very day in question.
Under the present record—that is, without evidence from the afterschool program or its employees or agents, and given a number of gaps in the full narrative—Mission also failed to meet its prima facie burden on the issues of foreseeability specifically and proximate causation generally (see e.g. Hairston v Liberty Behavioral Mgt. Corp., 157 AD3d 404, 405-406 [1st Dept 2018] [summary judgment denied because movants merely pointed to gaps in plaintiff's proof]; Torres v Merrill Lynch Purch., 95 AD3d 741, 742 [1st Dept 2012] [same]).
Accordingly, I would reverse Supreme Court's decision and order to reinstate plaintiffs' negligence cause of action as against defendant Mission. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023

Footnotes

Footnote 1: DOE is sued herein as "City of New York Board of Education."

Footnote 2: The spontaneous and unforeseeable nature of the conduct of the children is established by the evidence on which plaintiff relies.