22-2997-cv
*Burke v. Dollar Tree Stores, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-three.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Ronald Patrick Burke,

> *Plaintiff-Appellant*,

> v.                                                                                    22-2997-cv

Dollar Tree Stores, Inc.,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                    RONALD PATRICK BURKE,
                                                                      *pro se*, Blasdell, NY.


FOR DEFENDANT-APPELLEE:                     MICHAEL D. BILLOK, Bond,
                                                                      Schoeneck & King, PLLC,
                                                                      Saratoga Springs, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ronald Patrick Burke, proceeding *pro se*, filed suit in state court against Defendant-Appellee Dollar Tree Stores, Inc. ("Dollar Tree"), his former employer, for allegedly violating New York Civil Rights Law § 50-b by revealing that he was a victim of a sex offense. Dollar Tree removed the action to federal district court based on diversity jurisdiction, *see* 28 U.S.C. §§ 1332(a) and 1441(b), and moved to dismiss the complaint for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), because Section 50-b applies only to public officers and employees, not private entities. The district court agreed, granting Burke leave to amend his complaint to cure the identified deficiencies. *See Burke v. Dollar Tree Stores, Inc.*, No. 21-CV-835-LJV, 2022 WL 524586 (W.D.N.Y. Feb. 22, 2022). Burke timely amended his complaint, re-asserting the Section 50-b claim and adding constitutional claims under 42 U.S.C. § 1983 and a general right to privacy claim under New York state law. Dollar Tree again moved to dismiss under Rule 12(b)(6). The district court granted the motion, concluding that Dollar Tree could not be held liable under any of these theories because: (1) Section 50-b does not apply to private employers; (2) Dollar Tree is not a state actor, as necessary to sustain a Section 1983 claim; (3) New York does not recognize a common law right to privacy claim; and (4) Burke failed to state a plausible claim under New York's limited statutory right to privacy. *See Burke v. Dollar Tree Stores, Inc.*, No. 21-CV-835-LJV, 2022 WL 15523465, at *2–5 (W.D.N.Y. Oct. 27, 2022). Burke appealed.

We assume the parties' familiarity with the underlying facts, the procedural history, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

We review a Rule 12(b)(6) dismissal for failure to state a claim *de novo*. *See Vengalattore v. Cornell Univ.*, 36 F.4th 87, 101 (2d Cir. 2022). A complaint survives a motion to dismiss if the facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023). We construe *pro se* submissions liberally to raise "the strongest arguments they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (internal quotation marks and citation omitted).

## I. New York Civil Rights Law § 50-b

The district court correctly dismissed Burke's claim under Section 50-b for failure to state a claim because the statute does not reach the conduct of private actors like Dollar Tree. Section 50-b requires that public officers, subject to certain exceptions, withhold from disclosure documents that tend to identify the victim of a sex offense.[1] The plain text of the statute makes clear that it regulates only the conduct of a "public officer and employee," rather than private actors. N.Y. Civ. Rights L. § 50-b. Thus, although Section 50-c provides a private right of action

---

[1] The statute provides, in relevant part: "The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25, 255.26 or 255.27 of the penal law . . . shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section." N.Y. Civ. Rights L. § 50-b(1).

3

for violations of Section 50-b, *see* N.Y. Civ. Rights L. § 50-c, New York state courts have interpreted Section 50-b to be limited to claims against public officers and public employees. *See, e.g.*, *Crowe v. Guccione*, 171 A.D.3d 1170, 1172 (2d Dep't 2019) (explaining that Section 50-b "prevents any public officer from disclosing documents that would identify the victim of a sex offense"); *Feeney v. City of N.Y.*, 255 A.D.2d 483, 484 (2d Dep't 1998) (explaining that Section 50-b creates a civil cause of action for disclosures "by a public officer or employee in violation of the statute"). We have reached the same conclusion. *See Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 109 n.4 (2d Cir. 2000) ("New York Civil Rights Law § 50-b . . . provides that the identities of the victims of sex offenses be kept confidential *by the State*.") (emphasis added). We therefore agree with the district court that Burke cannot assert a cause of action under Section 50-b against Dollar Tree, a private entity, for its alleged disclosure of the fact that he was a victim of a sex offense.[2] Accordingly, Burke's claim against Dollar Tree fails to state a claim under Section 50-b.

## II. Section 1983

Burke has also failed to state a federal constitutional claim under Section 1983 because he has not alleged state action. "Because the United States Constitution regulates only the

---

[2] Burke's reliance on *Fischetti v. Scherer*, 44 A.D.3d 89 (1st Dep't 2007) is misplaced. The First Department did not conclude that Section 50-b applies to non-public officers or employees. Instead, in *Fischetti*, the petitioner, an attorney for a criminal defendant, brought an Article 78 challenge to the criminal court's order directing a defense attorney to not publish the name of the complainant, an alleged victim of sexual abuse by the defendant, in the newspaper as a means of investigating her credibility. *Id.* at 90. In denying the petition, the First Department did not extend Section 50-b to allow a private right of action to be brought against private entities or individuals, but rather reasoned that the criminal court's order did not violate defense counsel's free speech rights given that the order's prohibition was limited. *Id.* at 92–94.

4

Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Meadows*, 963 F.3d at 243 (internal quotation marks and citation omitted). "State action requires *both* the exercise of some right or privilege created by the State *and* the involvement of a person who may fairly be said to be a state actor." *Id.* (alterations adopted) (internal quotation marks and citation omitted). Burke has not alleged that Dollar Tree is a state actor or that Dollar Tree's conduct is "fairly attributable to the state." *Id.* (internal quotation marks and citation omitted). Accordingly, the district court properly dismissed his claims under the Fourth and Fourteenth Amendments, and any other federal constitutional provisions.

### III.    Right to Privacy

To the extent that Burke attempts to more generally assert a state law claim against Dollar Tree based on an alleged violation of his right to privacy, "New York common law [does] not recognize a cause of action for invasion of privacy" and the statutory right to privacy under Sections 50 and 51 encompasses only the "commercial use of an individual's name or likeness." *Lohan v. Take-Two Interactive Software, Inc.*, 31 N.Y.3d 111, 119–20 (2018) (internal quotation marks and citation omitted). Because Burke's allegations are not related to the commercial use of his name or likeness, his right to privacy claim fails as a matter of law.

\*    \*    \*

5

We have considered Burke's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The Clerk is directed to seal two documents filed by Burke, 2d Cir. 22-2997, docs. 12 and 29, because the documents contain his social security number and date of birth. *See* Fed. R. App. P. 25(a)(5) (incorporating Fed. R. Civ. P. 5.2, which requires redaction of all but the year of birth and last four digits of social security numbers).