Rhodes Assoc. Exec. Search of N.Y., LLC v IS Co. LLC (2025 NY Slip Op 00204)

Rhodes Assoc. Exec. Search of N.Y., LLC v IS Co. LLC

2025 NY Slip Op 00204

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, Gonzalez, Shulman, Rodriguez, JJ. 

Index No. 657339/19 Appeal No. 3491-3492-3493 Case No. 2023-04237, 2023-04241, 2023-04242 

[*1]Rhodes Associates Executive Search of New York, LLC, Plaintiff-Respondent,
v
IS Company LLC, Defendant-Appellant.

Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellant.
Phillips Nizer LLP, New York (Michael S. Fischman of counsel), for respondent.

Judgment, Supreme Court, New York County (Dakota Ramseur, J.), entered July 27, 2023, in favor of plaintiff and against defendant in the total sum of $338,676.52, and bringing up for review orders, same court and Justice, entered March 3, 2023 and on or about May 23, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its breach of contract cause of action and dismissed defendant's affirmative defenses and counterclaims, and awarded attorney's fees to plaintiff, unanimously affirmed, with costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed by the appeal from the judgment.
Plaintiff established prima facie entitlement to summary judgment on its breach of contract cause of action by submitting evidence that although it performed under the agreements by identifying and presenting multiple candidates for the two specified positions, defendant failed to respond, give feedback, or participate in the process, and refused to pay the invoices for the nonrefundable minimum retainer as set forth in the parties' agreements (see 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022]). Defendant's vague contention that plaintiff failed to substantially perform under the agreements by presenting unqualified and unsuitable candidates is not supported by the record and thus fails to raise a triable issue of fact (see Yonkers Ave. Dodge, Inc. v BZ Results, LLC, 95 AD3d 774, 774- 775 [1st Dept 2012]; see also 34-06 73, LLC, 39 NY3d at 52). For the same reasons, Supreme Court properly dismissed defendants' affirmative defenses and counterclaims.
The parties' agreements provide that the prevailing party in a dispute arising from the agreements will be entitled to recover its "reasonable costs and attorney's fees." Thus, Supreme Court properly awarded attorney's fees to plaintiff (see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025