O'Flaherty v Columbo (2026 NY Slip Op 01604)

O'Flaherty v Columbo

2026 NY Slip Op 01604

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 157250/17 595010/19 595148/19|Appeal No. 6146|Case No. 2024-06858|

[*1]Brian O'Flaherty, Plaintiff-Respondent,
vJoseph Columbo,et al., Defendants. Planet 550 Corp.,et al., Defendants-Respondents, New Land Contracting, Defendant-Appellant. [And Third-Party Actions]. 

Gallo Vitucci Klar, LLP, New York (C. Briggs Johnson of counsel), for appellant.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 25, 2024, which denied defendant New Land Contracting's cross-motion for summary judgment dismissing plaintiff's causes of action for assault, battery, intentional infliction of emotional distress, breach of the duty of care to ensure the safety of the worksite, and negligent hiring and supervision, unanimously reversed, on the law, without costs, the cross-motion granted, and the claims against New Land dismissed.
New Land is entitled to summary dismissal of plaintiff's claims because the record evidence, through the deposition testimony of plaintiff and defendants Joseph Columbo and Justin Zinck, established that the assault happened several storefronts away from the job site and that neither Columbo nor Zinck worked for New Land (see Yonkers Ave. Dodge Inc. v BZ Results, LLC, 95 AD3d 774, 775 [1st Dept 2012]). Plaintiff failed to raise a triable issue of fact in opposition. Indeed, he did not oppose the cross-motion below or file a responding brief on appeal.
The record established that New Land did not owe plaintiff a duty of care (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). New Land did not employ or supervise plaintiff, Columbo, or Zinck, and plaintiff did not testify that he reported Columbo and Zinck's behavior to New Land (see Rodriguez v Manhattan Restoration LLC, 233 AD3d 555, 556 [1st Dept 2024]). Nor did New Land own, operate, maintain or control the premise (see e.g. Jackson v Bd. of Educ. of City of N.Y., 30 AD3d 57, 60 [1st Dept 2006]). Even if vicarious liability were possible, there was no evidence showing that New Land "knew or should have known" of either man's "violent propensities" (Rodriguez, 233 AD3d at 556). For the same reasons, plaintiff's negligent hiring and supervision claims fail (id. at 555). Similarly, because New Land did not employ or supervise plaintiff or his attackers, plaintiff's intentional tort claims for assault, battery, and intentional infliction of emotional distress fail (see Summors v Port. Auth. of N.Y. & N.J., 203 AD3d 558, 561 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026